FILED
APR 1 3 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
District of Columbia

| | |
|---|---|
| James S. Jones, #56081-080 § <br> Plaintiff  PO B 26020 § <br> BEAUMONT, TX. § <br> v.                  77720 § <br> § <br> Eric Holder, US Atty. General; § <br> Jeffrey A. Taylor, US Attorney § <br> for District of Columbia; § <br> Rudolph Contreras, Assistant § <br> US Attorney for District of § <br> Columbia; Jeremy S. Simon, § <br> Assistant US Attorney for § <br> District of Columbia, § <br> Defendants § <br> § | Case: 1:09-cv-00678 <br> Assigned To : Unassigned <br> Assign. Date : 4/13/2009 <br> Description: Pro Se General Civil <br> <br> <br> BIVENS COMPLAINT with Declaratory/ <br> Monetary/Injunctive Relief <br> WITH A TRIAL BY JURY DEMAND |

JURY ACTION

## NATURE OF THE CASE

1. Plaintiff James S. Jones brings this action to obtain redress and compel the defendants to turn over sentencing documents they claim exist and, in fact, used against the plaintiff to deny him his 18 USC §3582(c) Motion and resulting in the denial of access to court, in violation of his 1st, 5th, 6th, and 8th Amendments to the U.S. Constitution.

2. This action is brought pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 US 388 (1971); 28 USC §1331(a), the general federal question statute; 28 USC §2201 and §2202 for declaratory and injunctive relief; the First and Fifth Amendments to the U.S. Constitution, and D.C. Code §13-422 which provides " a District of Columbia Court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining

RECEIVED
MAR - 9 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1/

his/her principal place of business in, the District of Columbia as to a claim for relief"; see, also D.C. Code §16-1901.

3. The material actions occurred in the District of Columbia. Therefore, venue is proper in the District of Columbia.

Parties

4. Plaintiff Jones is a federal prisoner incarcerated at Beaumont FCI-Low, P.O. Box 26020, Beaumont, TX 77720-6020.

5. Defendant Eric Holder is the United States Attorney General and is responsible for the supervision and policy making of the United States Department of Justice. He is sued in his official capacity.

6. Defendant Jeffrey A. Taylor is the U.S. District Attorney for the District of Columbia and has custody and control over the District of Columbia Division of the United States Department of Justice and is responsible for its day-to-day operations and supervision. He is sued in his individual and official capacity.

7. Defendants Rudolph Contreras and Jeremy S. Simon are Assistant United States Attorneys for the District of Columbia. They are responsible, inter alia, for representing the Department of Justice in Freedom of Information lawsuits and are responsible for investigating and producing Freedom of Information documents, for the District of Columbia litigants. They are sued in their individual capacities.

Material Facts To The Complaint

8. On October 9, 1991 plaintiff was sentenced in federal court based upon the chemicals seized at the Axtell laboratory.

9. In 1992, the US Attorney's Office in Western District of Texas, in their response to plaintiff's Direct Appeal stated that plaintiff's sentence was based upon the chemicals seized.

10. In 1992, the Solicitor General for the United States, in their response to plaintiff's Writ of Certiorari, atated that plaintiff's sentence was based upon the chemicals seized.

11. In July 2001 the District Court in denying plaintiff's §2255 stated pliantiff's sentence was based upon the chemical seized.

12. In responding to plaintiff's 18 USC §3582(c) motion, addressing U.S.S.G. Amendment 484, asking the court to extract the chemical waste from the seized chemicals, the government concluded that plaintiff's sentence was based upon the size and capability of the laboratory.

13. The District Court, on January 22, 2004 adopted the government's finding that plaintiff's sentence was based upon the size and capability of the laboratory.

14. The Fifth Circuit Justice, Edith Jones, adopted the District Court's findings and denied plaintiff's §3582(c) appeal.

Facts Of The Case

15. On December 12, 2005 plaintiff filed an Administrative Notification to the United States Attorney General notifying him that his subordinate Assistant U.S. Attorneys were using false evidence/altered evidence to deny his §3582(c) motion.

3

16. On November 12, 2005 plaintiff files a Freedom of Information (FOIA) request with the executive office of U.S. Attorneys requesting copy of documents in criminal case <u>USA v. James S. Jones, USDC No. W-91-CR-055</u> where

    a. I was present before the U.S. District Judge Walter S. Smith, Sr. <u>and</u>;

    b. Judge Smith calculated my sentence using the lab equipment seized at Axtell, TX in April, 1991; <u>and</u>

    c. Where Judge Smith, in my presence, made a finding that the amount of controlled substance seized did not reflect the scale of the offense.

17. Plaintiff not receiving any response from the government or U.S. Attorney General, on April 11, 2007 filed a FOIA complaint requesting the documents listed herein in par. 16(a)-(c).

18. Defendants Taylor, Contreras and Simon are personally representing the U.S. Department of Justice against the plaintiff.

19. Defendants Taylor, Contreras and Simon will not produce the requested FOIA/Criminal Case documents, and are using excuses and/or falsified documents and/or delay tactics, inter alia, to deny plaintiff access to them even though he has made it known that he will pay the $56.00 search fee that the defendants illegally aggregated and conjured up without notice to plaintiff.[1]

20. Without the records in possession of the defendants, plaintiff is denied an opportunity to obtain evidence the defend-

---

[1] an issue being addressed in plaintiff's FOIA complaint lawsuit Jones v. U.S. Department of Justice, CR. No. 07-0852(HHK) plaintiff agreed to pay fees if Judge would ensure compliance by DOJ defendants.

ants say exist, and used against plaintiff in his §3582(c) proceedings AND which plaintiff has never seen.

21. Without the records in possession of the defendants, plaintiff is denied an opportunity to obtain evidence that squarely contradicts the defendant's evidence used against the plaintiff at his October 9, 1991 sentencing.

22. Plaintiff seeks access, in this complaint, to the FOIA/Criminal Case evidence held by the defendants collectively and his suit, if successful, will result merely in the defendants making the evidence availably to him.

23. President Obama and his appointee defendant Holder have publicly represented that they intend to have an open and transparent government. This suit merely complies with these mandates.

## LEGAL CLAIMS

### First Cause Of Action

24. The actions of the defendants stated in paragraphs 1-23 denied plaintiff his First Amendment right of access to court when he was denied access to those requested FOIA/Criminal Case records.

### Second Cause Of Action

25. The actions of the defendants stated in paragraphs 1-24 denied plaintiff's Fifth Amendment right of access to court, which is grounded in the due process clause and was violated when plaintiff was denied his opportunity to present his allegations of government fraud and violations of fundamental constitutional right to judicial access that is " Adequate, effective and meaningful." Bounds v. Smith, 430 US 817, 822(1974); Wolff v. McDonnell, 418 US 539(1974).

5

### Third Cause Of Action

26. The actions of the defendants stated in paragraphs 1-25 denied plaintiff's Fifth Amendment rights of due process and his Brady v. Maryland, 373 US 83(1963) rights when the defendants refused to turn over the requested FOIA/Criminal case documents which plaintiff has never seen and which were used at criminal/civil proceedings against the plaintiff.

### Fourth Cause Of Action

27. The actions of defendants stated in paragraphs 1-26 denied plaintiff's right to equal protection of the law when the defendants conspired in such a way as to defeat and/or prejudice plaintiff's rights in federal court.

### Fifth Cause Of Action

28. The actions of the defendants stated in paragraphs 1-27 denied plaintiff's Fifth Amendment rights when defendants' Holder and Taylor failed to train, supervise and/or promulgate policies requiring their subordinates to comply with the First Amendment, Fifth Amendment, Sixth Amendment and Eighth Amendment to the U.S. Constitution as well as a defendant's Brady rights.

### Sixth Cause Of Action

29. The actions of the defendants stated in paragraphs 1-28 denied plaintiff's Eighth Amendment rights, to be free from cruel and unusual punishment.

### Seventh Cause Of Action

30. The actions of the defendants stated in paragraphs 1-29 were committed by the defendants, their agents and/or subordinates,

individually and in concert with a knowing and reckless disregard of plaintiff's constitutional and statutory rights and without a reasonable belief that such acts were legal.

<u>Prayer For Relief</u>

WHEREFORE plaintiff demands that this Honorable Court:

1. Enter a Declaratory Judgment, pursuant to 28 USC §2201 declaring defendants to be in violation of the First, Fifth, Sixth and Eighth Amendments to the U.S. Constitution.

2. Issue a preliminary and permanent injunction against the defendants, their successors, agents, employees and all other persons in active concert with them, compelling them to turn over all FOIA-Criminal Case records and/or documents listed herein, in paragraph 16(a)-(c).

3. Issue preliminary and permanent injunctions against the defendants, their successors in office, agents, employees and all persons in active concert with them, compelling them to train, supervise and promulgate adequate FOIA "open/transparent" government policies; <u>Brady</u> policies; <u>Bounds</u> policies requiring their subordinates to comply with First Amendment's right to judicial access that is adequate, effective and meaningful; Fifth Amendment's right to Equal Protection of the law and right to Due Process; Sixth Amendment's right to a fair trial and; Eighth Amendment's right to be free from cruel and unusual punishment.

4. Issue an order requiring defendants pay the costs, expenses and attorneys fees of the plaintiff for this action.

5. A trial by jury on all issues triable.

Case 1:09-cv-00678-UNA Document 1 Filed 04/13/09 Page 8 of 8

6. Award plaintiff damages in the amount of $5,000,000.00 to compensate him for his denial of hie First, Fifth, Sixth and Eighth Amendment rights.

7. Award plaintiff damages in the amount of $2,000,000.00 in order to deter defendants from, in the future, punishing persons by depriving them of their Constitutional rights.

February 28, 2009

Respectfully submitted,

James S. Jones
Reg. No. 56081-080
P.O. Box 26020
Beaumont, TX 77720-6020